UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS DUARTE,

    Plaintiff,

v.                              CASE NO. 8:16-cv-728-T-23TBM

FERMAN MANAGEMENT
SERVICES CORPORATION
and CIGAR CITY MOTORS, INC.,

    Defendants.
_____/

**ORDER**

An Air Force reservist and a motorcycle technician formerly employed by the defendants, Ross Duarte sues (Doc. 1) Ferman Management Services Corporation and Cigar City Motors, which conducts business as Harley-Davidson of Tampa, for violating the Uniformed Services Employment and Re-employment Rights Act (USERRA), which prohibits an employer's discriminating against a servicemember. Duarte alleges that the defendants provided no pay raise while Duarte completed military service (Doc. 1 at ¶¶ 10–11), that the defendants "failed to promote [Duarte] because of his military service" (Doc. 1 at ¶ 12), and that the defendants "changed [Duarte's] bay location during his absence" (Doc. 1 at ¶ 13). The defendants move (Doc. 22) for summary judgment.

**DISCUSSION**

**1. Pay raise**

Duarte alleges that the defendants denied him a pay raise while he remained on leave, but USERRA imposes on an employer no duty to increase a reservist's pay while the reservist completes military service unless pay depends upon seniority or unless the employer increases the pay of an employee who remains on leave for a reason other than military service. *See Rogers v. City of San Antonio*, 392 F.3d 758 (5th Cir. 2004) (Dennis, J.) (citing *Monroe v. Standard Oil Co.*, 452 U.S. 549 (1981)). The defendants pay an employee based on merit rather than seniority and provide no pay raise during a "leave of absence, regardless of the reason for the leave." (Doc. 23 at 3) Because Duarte submits nothing to rebut the defendants' arguments, no dispute of material fact appears. The absence of a pay raise during Duarte's leave establishes no USERRA violation.

**2. Promotion**

Duarte argues that the defendants promised him a promotion to "Green Team lead" but reneged after learning that military service would compel Duarte's absence from May until October 2014. (Doc. 26 at 2) Kimberly Wright, the defendants' human-resources manager, affirms (Doc. 23 at 3) that the defendants eliminated the "Green Team," which obviated the necessity for a team leader, but Wright's affidavit conspicuously omits the day on which the defendants eliminated the position, and Duarte declares (Doc. 26-1) that the position existed before and after Duarte's 2014

absence.  Duarte's sworn declaration, which states that Duarte's supervisors repeatedly "told me that my military duty was hurting the shop" (Doc. 26-1 at 3), creates a dispute of material fact whether Duarte's military service wholly or partially motivated the defendants' alleged failure to promote Duarte.

**3. Change of bay**

Duarte claims that the defendants moved Duarte's work-station from a two-lift bay to a one-lift bay, which purportedly limits Duarte's productivity. (Doc. 26-1) According to Duarte, the absence of a second lift reduces Duarte's income, which depends partially on how many motorcycles he services. (Doc. 26-1)  The defendants respond that each bay is "fully functional and equipped in the exact same manner." (Doc. 23 at 3)

Although the conflicting declarations demonstrate a genuine dispute about the interior bay, the defendants argue that the dispute is immaterial for two reasons. First, the defendants argue that the "use of a particular bay was not a right or benefit of [Duarte's] employment." (Doc. 22 at 13–14)  Under 38 U.S.C. § 4303, a benefit includes "any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes . . . the opportunity to select work hours or location of employment."  The prospect that an ill-equipped bay reduced Duarte's productivity — and consequently his income —

establishes a dispute of material fact whether the move to an interior bay deprived Duarte of a "benefit."

Second, the defendants argue that Duarte "has not alleged nor pled any facts from which it could be inferred that his bay location was a right or benefit determined by seniority." (Doc. 22 at 13) But Duarte claims not that Duarte's accrued "seniority" prohibited the move but rather that a discriminatory intent motivated the move. To support the claim, Duarte cites hostile comments by his supervisors, who purportedly "expressed their deep displeasure about my military service." (Doc. 26-1 at 3) Duarte's declaration creates a dispute of material fact whether hostility to Duarte's service motivated the move to an inferior bay and whether the move deprived Duarte of a "benefit" under USERRA.

## CONCLUSION

The motion (Doc. 22) for summary judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**. The defendant's presentation of evidence sufficient to create several genuine disputes of material fact requires denying in part summary judgment. Even viewed favorably to Duarte, the record evidence refutes the claim that the defendants failed to increase Duarte's pay because of the military service, but Duarte's declaration establishes genuine disputes of material fact whether the defendants failed to promote Duarte because of the military service, whether the defendants moved Duarte's work-station because of the military service, and whether

- 4 -

the move denied Duarte a "benefit." The clerk is directed to continue the action to the December 2017 trial calendar.

ORDERED in Tampa, Florida, on October 3, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE